PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2001 Hyundai Sante Fe struck a hole while she was traveling on W. Va. Route 105 in Weirton, Hancock County. W. Va. Route 105 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 9:3 0 p .m. and 10:00 p .m. on March 31,2004, a rainy evening. W. Va. Route 105 is a two-lane highway with a turn lane in the middle at the area of the incident involved in this claim. Mr. Rosniclc stated that it was raining out and that he did not see the hole before his vehicle struck it. Claimant’s vehicle struck the hole sustaining damage to one passenger side rim and both passenger side tires. Claimant’s vehicle sustained damage totaling $486.28. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 105 at the location of the claimant’s accident for the date in question.
Sam DeCapio, Highway Administrator II for the respondent in Hancock County, testified that he had no knowledge of any holes on W. Va. Route 105 in Weirton for the date in question or the days immediately prior. Mr. DeCapio stated that the first time that his office was made aware of this hole on W. Va. Route 105 was the morning after claimant’s accident when the Weirton Police Department contacted the office. After receiving the notice from the police, respondent sent a crew out to patch the hole. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 105 prior to claimant’s accident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on W. Va. Route 105. The size of the hole and its location in the travel portion of the highway on a high priority road leads the Court to conclude that respondent had constructive notice of this hazardous *203 condition and had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in thi s claim in the amount of $486.28.
Award of $486.28.